Case 4:16-cv-03320 Document 15 Filed in TXSD on 03/30/17 Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
March 30, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FALLON FAMILY, LP, | § | |
| | § | |
| Appellant, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-03320 |
| | § | |
| GOODRICH PETROLEUM CORPORATION | § | |
| AND GOODRICH PETROLEUM | § | |
| COMPANY, LLC, | § | |
| | § | |
| Appellees. | § | |

## MEMORANDUM OPINION

**I.**

This is an appeal from a Memorandum Opinion entered in Cause Number 16-31976 Chapter 11 bankruptcy proceeding in Cause No. 1631976: *In re Goodrich Petroleum Corporation, et. al.*, where Goodrich Petroleum Company LLC is the Debtor. *See* [Memorandum Opinion DE 415 (entered July 26, 2016)]. The, appellant, Fallon Family, LP, seeks to set aside the bankruptcy court's judgment.

The Court has jurisdiction of the case, treating the matters before the Court as an appeal from a proceeding, pursuant to Fed. R. Bankr. 7001(9); *see also In re Nat'l Gypum Co.*, 208 F.3d 498, 504 (5th Cir. 2000). After a careful review of the contentions presented and arguments presented, the Court determines that the Bankruptcy Court's judgment should be affirmed.

**II.**

A 1954, mineral lease, executed by Silas Talbert with respect to a 487 acre tract of land in the Caddo and Desoto Parishes in the state of Louisiana, is the subject of a suit brought by the Fallon Family in the state court in Louisiana. The suit seeks to terminate the lease because

Goodrich Petroleum Corporation and Goodrich Petroleum Company LLC ("appellee") allegedly failed to maintain continuous operations an under the terms of the lease.

Before Goodrich filed for bankruptcy, the Fallon Family and Goodrich entered into a settlement agreement to resolve a dispute between them concerning the Talbert mineral lease that the Fallon Family acquired. The facts concerning this dispute are not disputed, therefore, they do not bear repeating here. Suffice to say that the parties entered into a settlement and mutual release agreement that ratified their obligations under the lease, provided for a downpayment and for subsequent installations pursuant to a separate promissory note. While the terms of promissory note and lease ratification were incorporated into the settlement agreement, neither the settlement agreement nor the promissory note was recorded in the real property records. Nonetheless, the Fallon Family argues that the amendment and ratification of the lease, which was filed, contains the language of the note and settlement agreement. Therefore, the Fallon Family contends that the Bankruptcy Court's decision, that permits Goodrich to sever the ratification document from the settlement agreement, should be reversed.

### III.

The Fallon Family raises two grounds of error: (a) under § 544(a) of the Bankruptcy Code, a trustee has the right to avoid: (i) a transfer of property of the debtor and, (ii) obligations incurred by the debtor; and, (b) under Louisiana law, the rights of a hypothetical bona fide purchaser of real property would not prevent the Fallon Family from dissolving its settlement agreement with Goodrich, the effect of which is to terminate the mineral lease.

### IV.

The Court is of the opinion that the Bankruptcy Court's decision should be affirmed. It is undisputed that the settlement agreement and the promissory note were not recorded in the real

property records. Moreover, the ratification agreement that was recorded reflects that the "consideration exchanged by the parties . . ." was acknowledged as received and as sufficient for the transaction.

Therefore, the Court HOLDS that the settlement agreement is not subject to 11 U.S.C. § 365 and that the Fallon Family's claim of a right to dissolve the ratification document fails. To hold otherwise would contravene long settled Louisiana law that states ". . . unless the instrument is registered by recording . . ." rights and obligations established by an unrecorded document are without effect. *See* La. Civ. Code, Arts. 338, 3342; *See also Robertson v. Buoni*, 504 So.2d 860, 863 (La. 1987)

The judgment of the Bankruptcy Court is AFFIRMED.

SIGNED on this 30th day of March, 2017.

_____
Kenneth M. Hoyt
United States District Judge